(No. 18096.—Reversed and remanded.)
HARRISON BARCO, Appellee, *vs.* ISAAC J. HARKLEROAD,
Appellant.

*Opinion filed October 22, 1927.*

1. PARTITION—*when complainant, claiming under sheriff's deed of interest in reversion, is not entitled to partition.* A deed issued pursuant to a judgment and levy in attachment on an heir's one-fifth interest in a reversion is not sufficient to maintain a bill for partition where the reversionary interest is lost by the happening of the contingency on which the vesting of the remainder depends, and it makes no difference that the remainder vests in the same heir against whom the judgment in attachment was rendered.

2. JUDICIAL SALES—*conveyance of reversionary interest does not pass contingent interest.* A sheriff's deed conveying the judgment debtor's interest in reversion does not pass his interest in the land as contingent remainderman, and if the contingency happens the title vests in him regardless of the sheriff's deed.

APPEAL from the Circuit Court of Madison county; the Hon. J. F. GILLHAM, Judge, presiding.

NEWMAN, POPPENHUSEN, STERN & JOHNSTON, and TERRY, GUELTIG & POWELL, (EDWARD R. JOHNSTON, of counsel,) for appellant.

WARNOCK, WILLIAMSON & BURROUGHS, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Isaac Harkleroad died in 1881 seized in fee simple of 400 acres of land in Madison county. He was survived by his widow, two sons, William and Isaac H., a daughter, Florence Maud, and two grand-daughters, Annie B. Young and Ida Belle Nicholson, daughters of two deceased sons. By the sixth clause of his will as construed by this court in *Young* v. *Harkleroad,* 166 Ill. 318, he gave to his son William an estate for life in five-seventeenths of the 400 acres, and to his son Isaac, his daughter Florence and his grand-

daughter Annie each a life estate in four-seventeenths of said lands, with a remainder in fee to the heirs of their bodies surviving them, (excepting a son of Annie then living,) and in the event of the death of either of the life tenants without such heirs, the portion of such life tenant to go to the heirs of the other life tenants *per capita.* The reversion in fee which was not disposed of by the will, upon the death of the testator vested in the five heirs as tenants in common, subject to the life estates created by the will and to divestiture upon the vesting of the contingent remainders. Isaac H. died on March 29, 1893, leaving one son, Isaac J., who under the sixth clause of the will of his grandfather became the owner in fee of four-seventeenths of the 400-acre farm, and, as the heir of his father, of an undivided one-fifth interest in reversion in the remaining thirteen-seventeenths of the lands. March 7, 1894, Annie died, and Isaac J., being the only heir of any of the life tenants qualified to take under the sixth clause of the will, became seized in fee of the undivided four-seventeenths interest which she held for life. November 7, 1913, Isaac J., being seized in fee of an undivided eight-seventeenths interest in the 400-acre farm, had set off to him by a decree in a partition suit filed by him, 200 acres of the farm. The remaining 200 acres were allotted five-ninths to William for life and four-ninths to Florence for life, with remainder in fee to the heirs of their bodies, respectively, and, if either of them died without heirs of their bodies, to the heirs of the other life tenants named in clause 6 of the will of their father. December 9, 1913, Isaac J. was made defendant in an attachment suit instituted by W. E. Brooks, and under a judgment obtained by Brooks all of the interest of Isaac J. in the 400 acres of land was on May 9, 1914, purchased by Brooks at the sheriff's sale. Harrison Barco, appellee, became the assignee of the judgment and certificate of levy, and in due course a deed dated August 30, 1915, was issued to him. It is con-

ceded that Barco became seized of the fee to the 200 acres
of land set off to Isaac J. in 1913, and so the title to those
lands is not involved in this proceeding.  January 29, 1922,
William died leaving no heirs of his body.  Isaac J., appel-
lant, was the only contingent remainderman in existence
qualified to take William's five-ninths interest in the other
200 acres of the 400-acre farm.  It is admitted that four-
fifths of this interest passed to appellant, but appellee claims
to be the owner of the other one-fifth interest by reason of
his sheriff's deed.  He conveyed one-half of this interest
to his son, A. U. Barco, and filed his bill for partition.  A
decree was entered in accordance with the prayer of the
bill, and Isaac J., one of the defendants below, appealed.

When the attachment suit was filed appellant was the
owner of an undivided one-fifth interest in the reversion in
fee in the 200 acres of land set off to William and Florence
for life, subject to being divested by the vesting of the one
or the other of the alternate contingent remainders, and
appellee became the owner of this interest under a sheriff's
deed.  When William died he left no heirs of his body,
and so his interest under the sixth clause of his father's
will passed to appellant, the only contingent remainderman
in existence qualified to take.  When the remainder in
William's five-ninths interest vested in appellant the in-
terest in reversion in appellee was divested.  The fact that
appellee got his title to the one-fifth interest in reversion
from Isaac J., the heir, and that his title was subsequently
divested by the vesting of the contingent remainder in
Isaac J., the contingent remainderman, does not make the
title received by appellee of any greater or different value
than if the heir and the contingent remainderman had been
different persons.  When the reversion in fee, which was
owned by appellant, passed from him to appellee, appellant
had no title to the lands.  His only interest in the five-
ninths of the lands involved was an expectancy, based upon
the double contingency that his uncle, William, die without

heirs of his body, and that he survive his uncle and be the only person living capable of taking under the sixth clause of his grandfather's will. Both contingencies happened and he became the owner in fee of his uncle's interest, and appellee, the owner of the reversion, lost his interest in the land.

The decree of the circuit court is reversed and the cause is remanded, with directions to dismiss the bill for want of equity. *Reversed and remanded, with directions.*